**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 99-60433

---

WILLIE L. BULLINS,

Petitioner-Appellant

VERSUS

WALTER BOOKER; MIKE MOORE,

Respondents-Appellees.

---

Appeal from the United States District Court
For the Northern District of Mississippi
(2:98-CV-98-D-B)
January 10, 2001

Before KING, Chief Judge, and HIGGINBOTHAM and DUHÉ, Circuit Judges.

PER CURIAM:[1]

Willie Bullins ("Bullins") appeals the district court's denial of his petition for writ of habeas corpus. Bullins contends that the prosecutor in his Mississippi state court murder trial goaded him into moving for a mistrial by intentionally committing a discovery violation and that, therefore, Bullins's retrial and

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

subsequent conviction for murder violated his constitutional guarantee against double jeopardy. For the following reasons, we affirm the district court's denial of Bullins's habeas petition.

## BACKGROUND

In 1995, a Mississippi jury convicted Bullins of murder and aggravated assault. Bullins then sought post-conviction relief from the Mississippi Supreme Court. There, Bullins argued, among other things, that his conviction violated his constitutional guarantee against double jeopardy. The Mississippi Supreme Court denied relief.

Bullins then recast his double jeopardy argument as a petition for writ of habeas corpus to the district court. On the recommendation of the magistrate judge, the district court denied Bullins's petition. Specifically, the district court found that the prosecutor did not intend to induce a mistrial by withholding during discovery and attempting to introduce at trial evidence that Bullins went home shortly after the murders and washed his clothes of incriminating physical evidence. Because the prosecutor's discovery violation was not an intentional effort to goad Bullins into moving for a mistrial, the court concluded, Bullins's retrial and subsequent conviction for murder did not violate the Constitution's Double Jeopardy Clause. Bullins appeals that holding.

## DISCUSSION

The district court did not err in denying Bullins's habeas

2

petition. The court correctly applied The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which determines when a federal court may grant a habeas petition with respect to a claim adjudicated on the merits in state court. AEDPA allows a federal court to grant habeas relief on such a claim only when the state adjudication is "contrary to, or involve[s] an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States" or makes "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

First, the district court correctly concluded that the Mississippi court that denied Bullins's request for post-conviction relief adjudicated his double jeopardy claim on the merits. Adjudication on the merits occurs when a court's disposition of a case is "substantive" rather than "procedural" in character. See Green v. Johnson, 116 F.3d 1115, 1121 (5th Cir. 1997) ("'Resolution on the merits' is a term of art in the habeas context that refers not to the quality of a court's review of claims, but rather to the court's disposition of the case – whether substantive or procedural"). As in Green, we discern nothing in the Mississippi court order denying Bullins's request for post-conviction relief that makes its disposition "procedural." See id. (in reaching holding that petitioner's habeas claim was adjudicated on the merits in state court, noting that "[n]either the trial court's nor the Court of Criminal Appeals's order makes mention of procedural

3

grounds for denying relief, nor has [petitioner] brought any to our attention"). Indeed, Bullins's Application for Leave to File Post Conviction Motion in the Trial Court and its accompanying Memorandum of Authorities assert only substantive constitutional arguments. The Mississippi court's denial of that application, therefore, was "substantive" in character and a final judgment on the merits and the district court properly treated it as such.

Second, the district court correctly held that Bullins's habeas petition did not satisfy the AEDPA standard. That is, the court correctly determined that the Mississippi court's denial of Bullins's application for post conviction relief was not "an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States" and made no "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Bullins contends that the district court erroneously held that the prosecutor did not intend to goad him into moving for a mistrial by withholding during discovery and attempting to introduce at trial evidence that Bullins went home shortly after the murders and washed his clothes of incriminating physical evidence from the crime scene. On this contention his double jeopardy argument (indeed, his petition) depends. See, for example, United States v. Landerman, 109 F.3d 1053, 1068 (5th Cir. 1997) (the Double Jeopardy Clause generally does not bar the state from retrying a defendant who moves for a mistrial but does prohibit retrial "when the

4

governmental conduct was intended to goad the defendant into moving for a mistrial").

The district court's holding here was not erroneous. The record does not support Bullins's contention that the prosecutor intended with his discovery violation to goad him into moving for a mistrial. Bullins's contention is not supported by the record. In particular, Bullins does not explain why the prosecutor vigorously opposed a continuance or retrial on account of the discovery violation and why the prosecutor sought, in an attempt to avert a mistrial, to have the court instruct the jury to ignore the testimony concerning Bullins's freshly washed clothes (i.e., to ignore the evidence presented through the discovery violation). Bullins's former counsel even opined in an affidavit that Bullins's "goading" allegation is "blatantly unfounded."

## CONCLUSION

Because the district court did not err in finding that the prosecutor in Bullins's case did not intend by committing a discovery violation to goad Bullins into moving for a mistrial and correctly applied the AEDPA habeas standard, we affirm its denial of Bullins's habeas petition.

AFFIRMED